UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| KAVIN LEE PEEPLES, | : | Case No. 1:22-cv-215 |
| Plaintiff, | : | |
| vs. | : | District Judge Timothy S. Black |
| | : | Magistrate Judge Elizabeth P. Deavers |
| JOSEPH BIDEN, | : | **REPORT AND** |
| Defendant. | : | **RECOMMENDATION** |
| | : | |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility, has filed a pro se civil rights complaint in this Court against President of the United States Joseph Biden. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

A. **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

   **B. Allegations in the Complaint**

Plaintiff brings this complaint against President Biden, seeking an injunction to suspend export of military weapons to Ukraine. (Doc. 1-1, Complaint at PageID 5). Plaintiff alleges that President Biden "has supplied the Ukrainian military with billions of dollars in lethal advanced military weapons, without adequate safeguards in country to prevent diversion of those advanced military weapons into the black market by Russian & Ukrainian criminal organizations whose members are now joining the all volunteer Ukrainian army." (*Id.*). Plaintiff further alleges that

3

President Biden has placed plaintiff's life in danger, claiming that "[t]he reckless arming of an all volunteer Ukraine military facilitating the inevitable weapons diversion to radical groups seeking to destabilize Eastern European nations, and incite a war between NATO/USA and Russa; which will include a Russian nuclear retaliation." (*Id.* at PageID 5). According to plaintiff, President Biden's actions violate 22 U.S.C. § 2778. (*Id.* at PageID 6).

**C. Analysis**

Plaintiff's complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As previously noted, plaintiff seeks an injunction based on alleged violations of 22 U.S.C. § 2778, which authorizes the President "to control the import and export of defense articles and defense services" and to "designate those items which shall be considered as defense articles and defense services . . . and to promulgate regulations for the import and export of such articles and services." 22 U.S.C. § 2778(a)(1). However, this Court's review of the statute reveals no private cause of action. To the contrary, the statute specifies that judicial review of the designation of items of defense articles or services "shall not be subject to judicial review." *See* 22 U.S.C. § 2778(h).

In any event, even if this Court could conclude that injunctive relief against President Biden was an available remedy,[2] plaintiff has not established that he has standing to bring this action.

---

[2] In dismissing a request for injunctive relief against a United States president, one district court reasoned as follows:

> [T]he Supreme Court has explained a "[d]istrict [c]ourt's grant of injunctive relief against the President himself is extraordinary, and should [ ] raise [ ] judicial eyebrows." *Franklin v. Mass.*, 505 U.S. 788, 802 (1992). Specifically, "the prospect of this Court issuing an injunction against the President [generates] serious separation of powers concerns." *See Newdow v. Bush*, 355 F. Supp. 2d 265, 280-82 (D.C. 2005) (declining to carve an exception to Presidential immunity "where [the President] is claimed to have violated the Constitution"). Indeed, this Court generally lacks "jurisdiction . . . to enjoin the President in performance of his official duties." *Mississippi v. Johnson*, 71 U.S. 475, 500 (1866); *see also Franklin*, 505 U.S. at 803; *Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996).

Article III, § 2 of the Constitution limits the federal judicial power to the adjudication of cases and controversies. One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate—amongst other things—an injury in fact. Plaintiff must demonstrate the "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and quotation marks omitted). Plaintiff has failed to do so in this case. Rather, plaintiff hypothesizes that President Biden's actions will result in a nuclear retaliation against the United States. (*See* Doc. 1-1, Complaint at PageID 5). However, "[a]llegations of possible future injury do not satisfy the requirements of Art[icle] III." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). Plaintiff has otherwise failed to allege a particularized, non-hypothetical injury resulting from the allegations in the complaint. The mere fact that plaintiff may disagree with President Biden's actions is not enough. *See Cohen v. Obama*, 359 F. App'x 40, 42 (10th Cir. Dec. 31, 2009) (affirming the dismissal of the plaintiff's case against President Obama for lack of subject matter jurisdiction upon finding that the plaintiff "failed to show a particularized injury, but rather has stated only general disagreement with various government actions").

Accordingly, because plaintiff has failed to demonstrate standing to bring this action, this Court is without subject matter jurisdiction and the complaint should be dismissed without prejudice. *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 10–11 (6th Cir. 2018) ("our court has stated on several occasions that dismissal for lack of subject matter jurisdiction should normally be without prejudice").

---

*Settle v. Obama*, No. 3: 15-cv-365, 2015 WL 7283105, at *6 (E.D. Tenn. Nov. 17, 2015).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

May 12, 2022                                                       *s/ Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).